UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff - Appellee,<br><br>  v.<br><br>KARLA CHAVARRIA,<br><br>        Defendant - Appellant. | No. 09-50076<br><br>D.C. No. 3:05-cr-01456-LAB-1<br>U.S. District Court for Southern California, San Diego<br><br>**MANDATE** |

The judgment of this Court, entered May 26, 2010, takes effect this date.

This constitutes the formal mandate of this Court issued pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure.

FOR THE COURT:

Molly C. Dwyer
Clerk of Court

Gabriela Van Allen
Deputy Clerk



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff - Appellee,<br><br>  v.<br><br>KARLA CHAVARRIA,<br><br>  Defendant - Appellant. | No. 09-50076<br><br>D.C. No. 3:05-cr-01456-LAB-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 8, 2010[**]
Pasadena, California

Before: PREGERSON and BEEZER, Circuit Judges, and CONLON,[***] District
Judge.

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

   [***]   The Honorable Suzanne B. Conlon, United States District Judge for
the Northern District of Illinois, sitting by designation.

Karla Chavarria appeals the district court's denial of her request for a continuance, as well as the district court's decision not to hold a full competency hearing under 18 U.S.C. § 4241. The parties are familiar with the facts of this case, which we repeat here only to the extent necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and affirm.

We review the district court's decision to deny a continuance for abuse of discretion. *United States v. Nguyen*, 262 F.3d 998, 1002 (9th Cir. 2001). Chavarria should have anticipated that incriminating post-arrest statements might be introduced at trial, even if not presented in the government's case-in-chief. Furthermore, the grant of a continuance would not have provided access to any new evidence. Chavarria already possessed all relevant evidence, and was not prejudiced by the denial of a continuance. *See United States v. Flynt*, 756 F.2d 1352, 1358-59 (9th Cir. 1985) (listing relevant factors).

We review the district court's decision whether to hold a competency hearing for clear error. *United States v. Warren*, 984 F.2d 325, 328 (9th Cir. 1993). A defendant need only "understand the nature of the proceedings and participate intelligently to the extent participation is called for." *Chavez v. United States*, 656 F.2d 512, 518 (9th Cir. 1981). Here, Chavarria correctly identified each party's role in the proceedings against her. A court-appointed psychiatrist

found Chavarria "somewhat limited," but competent.  The district court therefore did not clearly err in declining to hold a full competency hearing under 18 U.S.C. § 4241.

Nor did the district court abuse its discretion in denying a continuance of sentencing.  There is no evidence in the record that Chavarria was prejudiced by the district court's decision.  Furthermore, Chavarria did not diligently pursue a competency-related continuance, which she only requested after the district court denied a separate, unrelated request for a continuance.

Accordingly, the district court's decision is AFFIRMED.