# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA VANESSA CHAVARRIA,<br><br>                    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | CASE NOS.  19-cv-00431-LAB (LL)<br>                   05-cr-01456-LAB<br><br>**ORDER DENYING § 2255 MOTION**<br><br>**[Dkt. No. 107]** |

In 2006, a jury convicted Karla Vanessa Chavarria of importation and possession of methamphetamine with intent to distribute. Dkt. No. 58.[1] This Court sentenced her to 180 months' imprisonment. *Id.* Chavarria appealed, and the Ninth Circuit reversed the conviction and remanded to this Court for a new trial, concluding the court prevented a defense witness from testifying in violation of Chavarria's Sixth Amendment rights. Dkt. No. 74 at 5-7; *United States v. Chavarria* (Case No. 07-50003). In 2008, a second jury convicted Chavarria, and this Court again sentenced her to 180 months' imprisonment. Dkt. Nos. 84, 96. Chavarria again appealed, this time unsuccessfully. Dkt. No. 104; *United States v. Chavarria* (09-50076). Her petition to the United States Supreme Court

---

[1] All docket numbers in this order are from Case No. 05-cr-01456.

- 1 -

for writ of certiorari was denied on October 4, 2010. *Chavarria v. United States* (Case No. 10-6110).

Nearly eight years later, on October 2, 2018, Chavarria filed this petition in the Northern District of California where she was confined.[2] Dkt. No. 107. She first sought habeas corpus relief in the Northern District under 28 U.S.C. § 2241 raising three claims. *Id.* The court in the Northern District determined that Chavarria's petition would fail under § 2241 and instead should have been brought as a § 2255 motion. Dkt. No. 114. Because only the sentencing court has jurisdiction over a § 2255 motion, on March 5, 2019, Chavarria's petition was transferred to this District (Dkt. Nos. 114-15), but without recharacterizing it as a § 2255 motion. After receiving the petition, this Court proposed to recharacterize the petition as a first motion under § 2255 and provided Chavarria an opportunity to withdraw her filing or amend it so that it contained all the § 2255 claims she believes she has. Dkt. No. 121; *see Castro v. United States*, 540 U.S. 375, 383 (2003); *United States v. Seesing*, 234 F.3d 456, 463-64 (9th Cir. 2000). Chavarria did not withdraw or amend her filing, and the Court now construes this as her consent to the recharacterization. *See also* Dkt. No. 123.

Under § 2255(b), the Court must require the government to respond to the motion, "unless the motion and the files and records of the case conclusively show" that the petitioner is entitled to no relief. The motion, files, and record here make clear that Chavarria is not entitled to relief, therefore the Court need not hold a hearing or require

---

[2] On September 7, 2019, Chavarria submitted a notice of change of address; the new address listed appears to be a private residence and not a federal detention center. Dkt. No. 128. Even if Chavarria is no longer in federal custody, she must still comply with supervised release for a term of five years. Dkt. No. 96. Accordingly, her petition is not moot. *Chacon v. Wood*, 36 F.3d 1459, 1463 (9th Cir. 1994) (overruled on other grounds) (finding that release from custody does not moot a habeas petition because there is an irrebuttable presumption that collateral consequences result from any criminal conviction); *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002) (finding that movant was in "custody" because he was still subject to supervised released).

the government to respond to the motion. § 2255(b); *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011).

### I. Statute of Limitations

A one-year limitations period applies to § 2255 motions. 28 U.S.C. § 2255(f)(1). Chavarria's criminal conviction became final on October 4, 2010 (*see Chavarria v. United States* (Case No. 09-50076); *Chavarria v. United States* (Case No. 10-6110); *United States v. Schwartz*, 274 F.3d 1220, 1222-23 (9th Cir. 2001)), therefore the limitations period to file a § 2255 motion expired in October 2011. Chavarria's petition was filed almost seven years later (Dkt. No. 107) and she has not shown that one of the circumstances in §§ 2255(f)(2)-(4) applies, or that she's entitled to equitable tolling. *Holland v. Florida*, 560 U.S. 631 (2010); *see* Dkt. Nos. 123, 125. Chavarria's § 2255 motion is therefore time-barred and for that reason must be rejected.

### II. Chavarria's Claims for Relief

In addition to her motion's untimeliness, it's also without merit. Each of Chavarria's three claims fails.

#### A. Sufficiency of the Evidence

Chavarria challenges the sufficiency of the evidence supporting her conviction for illegally importing and possessing methamphetamine with intent to distribute.[3] Dkt. 107 at 11. Although Chavarria's claim is not clear, the gist of it seems to be that because the packaging used to transport the methamphetamine had been destroyed by the time of her second trial, there was insufficient evidence to support her conviction. *Id.* Chavarria also disputes the genuineness of the packaging, claiming that a witness—purportedly an Agent, though Chavarria does not specify which witness she's referring to—testified at trial to this effect. *Id.* A § 2255 proceeding is not a substitute for a direct appeal. *Brule v. United States*, 240 F.2d 589 (9th Cir. 1957) (holding that the proper remedy for raising

---

[3] Because Chavarria's first conviction was reversed on appeal, the Court will not address her argument concerning the sufficiency of the evidence presented at her first trial.

a sufficiency of the evidence claim is on direct appeal); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010) (defendant's "evidence-based" claim calling "into doubt the overall weight of the evidence against him" was not cognizable under § 2255). Issues that could have been presented on direct appeal, but were not, may not properly be brought in a § 2255 motion unless the defendant shows cause and prejudice or actual innocence. *See United States v. Ratigan*, 351 F.3d 957, 964-65 (9th Cir. 2003). Any error Chavarria thinks the Court made relating to the sufficiency of the evidence supporting her conviction should have been raised on direct appeal. By failing to do so, Chavarria defaulted her claim. *Id.* She has not demonstrated cause and prejudice or provided evidence of actual innocence, so her default is not excused. *Id.* This claim fails.

### B. Denial of Competency-Related Continuance

Chavarria claims that her counsel failed to diligently pursue a competency-related continuance before sentencing and that this violated her constitutional right to effective assistance of counsel. Dkt. No. 107 at 12. This claim derives from one that Chavarria unsuccessfully raised on appeal after her second conviction. *See* Dkt. No. 104. On appeal, Chavarria argued that this court abused its discretion by denying her request for time to conduct a competency hearing before sentencing. The Ninth Circuit held that there was no abuse of discretion and that there was no evidence in the record that Chavarria was prejudiced. *Id.* at 4. The Ninth Circuit also held that Chavarria had not diligently pursued a competency-related continuance. *Id.*

Chavarria tries to sidestep the prohibition against relitigating issues already decided on direct appeal by converting her argument into a claim for ineffective assistance of counsel. In order to prevail on an ineffective assistance of counsel claim, she must demonstrate: (1) deficient performance—that her counsel's errors were so serious that he was not functioning as the "counsel" guaranteed to Chavarria by the Sixth Amendment, and, (2) prejudice—that there is a "reasonable probability" that, but for her counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-89, 693-94 (1984). "A reasonable probability is a

probability sufficient to undermine confidence in the outcome." *Id.* at 694. There is a "strong presumption" that criminal defense counsel's "conduct falls within the wide range of reasonable professional assistance" and review of performance must be "highly deferential." *Id.* at 689.

Chavarria can't satisfy either prong. First, she does not explain how her counsel's performance was deficient. *Id.* at 687-91 (petitioner must demonstrate that counsel's representation fell below an "objective standard of reasonableness"); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (mere conclusory allegations are insufficient to make out a claim for ineffective assistance of counsel). Second, she has not shown prejudice. The Ninth Circuit expressly addressed whether Chavarria was prejudiced by the denial of a sentencing continuance and found that there was none. Dkt. No. 104 at 4. The law of the case precludes relitigation of this finding. *See Stein v. United States*, 390 F.2d 625, 626 (9th Cir. 1968) ("Issues disposed of on a previous direct appeal are not reviewable in a subsequent petition under 2255."); *United States v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) ("The law of the case doctrine 'ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case.'") (citing *United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984)). Relief on the basis of this claim is denied.

### C. Improper Intimidation of a Defense Witness

Chavarria claims that the Court improperly intimidated a defense witness in violation of her constitutional right to present a defense. Dkt. No. 107 at 12-13. Chavarria's argument is vague, but apparently relates to an event that occurred during her first trial. *See* Dkt. Nos. 63-67. Any error in her first trial was corrected by the Ninth Circuit's reversal of the judgment in that proceeding. *See United States v. Chavarria* (Case No. 07-50003). *Id.* This ground for relief also fails.

### III.    Conclusion

Chavarria's § 2255 motion is **DISMISSED WITH PREJUDICE.** She has not made a substantial showing of the denial of a constitutional right as to any of her claims, such

that reasonable jurists would find the denial of her motion debatable or wrong. The Court accordingly **DENIES** a certificate of appealability. See *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c)(2). The clerk is directed to enter judgment and close this case.

**IT IS SO ORDERED**.

Dated: November 14, 2019

**HONORABLE LARRY ALAN BURNS**
Chief United States District Judge